IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CHARLES WILLIAMS, #130 792        *

    Plaintiff,        *

    v.        * CIVIL ACTION NO. 2:05-CV-415-A

KATHY HOLT, *et al.*,        *

    Defendants.        *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Charles Williams, filed this 42 U.S.C. § 1983 action on May 4, 2005. He complains that Defendants have improperly calculated his release date. Plaintiff seeks his release from prison.

Upon review of the pleadings filed by Plaintiff, the court concludes that dismissal of this case prior to service of process is appropriate in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**DISCUSSION**

In March of 1985 Plaintiff received a twenty year term of imprisonment. He contends that his sentence, therefore, expired in March 2005 but complains that prison officials have advised him that he has one more year to serve on his sentence. The court understands

---

[1] When a prisoner is granted leave to proceed *in forma pauperis* in a federal civil action, this court must screen his complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss such an action at any time, regardless of payment of the filing fee or any portion thereof, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff to complain that as a result of the alleged improper calculation of his release date, he is being required to serve time in excess of the sentence imposed upon him. Accordingly, Plaintiff seeks his release from prison.

It is clear to this court that success on Plaintiff's challenge to the calculation of his release date would necessarily imply the invalidity of his current incarceration. Consequently, the claim presented by Plaintiff is not cognizable in a § 1983 action at this time. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok,* 520 U.S. 641 (1997).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the . . . sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Id*. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.* at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been

overturned. *Id*. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

In the present complaint, Plaintiff challenges the calculation of his release date. This claim, if established, would necessarily imply the invalidity of Plaintiff's present confinement. It is clear from the pleadings before the court that Plaintiff's release date has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on such action is prohibited by *Heck* and *Balisok*, and Plaintiff's claim is, therefore, due to be dismissed as he has no present cause of action under 42 U.S.C. § 1983.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this 42 U.S.C. § 1983 action be dismissed without prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 19, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 6th day of May, 2005.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
UNITED STATES MAGISTRATE JUDGE
